IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FORREST ANTHONY RANKINS**, <br><br> Plaintiff, <br><br> v. <br><br> **MARION COUNTY JAIL STAFF, SHERIFF JASON MYERS, COMMANDER LARSON, DEPUTY DENARDO**, <br><br> Defendant. | Case No. 6:20-cv-01448-IM <br><br> **ORDER OF DISMISSAL** |

**IMMERGUT, District Judge.**

Plaintiff Forrest Anthony Rankins ("Rankins"), a pretrial detainee in custody at the Marion County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Marion County Jail Staff ("Jail Staff"), Sheriff Jason Myers ("Myers"), Commander Larson ("Larson"), and Deputy Denardo ("Denardo") (collectively, "Defendants") denied him medical and mental health treatment, sent him to isolation without due process, and retaliated against him for filing grievances, among other things, in violation of his constitutional rights. This Court

PAGE 1 – ORDER OF DISMISSAL

previously granted Rankins leave to proceed *in forma pauperis*. For the reasons set forth below, this Court dismisses Rankins's Complaint (ECF No. 2) and denies his Motion for Appointment of Counsel (ECF No. 3).

## STANDARDS

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Rankins is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Rankins the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Rankins alleges that Defendants have engaged in a variety of conduct in violation of his rights under the First, Fifth, Eighth, and Fourteenth Amendments. Compl. (ECF No. 2), at 12. Specifically, Rankins alleges Defendants denied him mental health treatment, blood pressure medication, the use of a partial dental plate to facilitate proper chewing, and various privileges such as educational programs and commissary. Compl. at 14–15. Rankins further alleges Defendants reassigned him to maximum security, isolated him for 21 days without due process, exposed him to COVID-19, and retaliated against him for filing grievances. *Id.* Rankins also alleges Defendants failed to protect him from sexual assault, and discriminated against him on the basis of race by treating him differently than other detainees. *Id.* at 5, 15.

PAGE 2 – ORDER OF DISMISSAL

Actions initiated pursuant to Section 1983 require the presence of two essential elements: (1) that a person acted under the color of state law, and (2) that his or her conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see also Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc) (noting the Court reaches the issue of defendants' Section 1983 liability only if defendants acted under color of state law, and the conduct deprived plaintiff of a constitutional right).

Generally, "liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the deprivation alleged. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)); *see also King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (noting that "state officials are not subject to suit under §1983 unless they play an affirmative part in the alleged deprivation of constitutional rights"). "A plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194.

Alternatively, liability also may be imposed under section 1983 if the defendant sets into "motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987)). Section 1983, however, does not impose liability upon state officials for the acts of their subordinates under a *respondent superior* theory of liability. *Taylor*, 880 F.2d at 1045 (noting there is no *respondeat superior* liability under section 1983) (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680-81 (9th Cir. 1984)). Rather, a "supervisor is only liable for

PAGE 3 – ORDER OF DISMISSAL

constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them." *Taylor*, 880 F.2d at 1045.

Here, the majority of Rankins' allegations fail to allege the personal involvement of the Defendants. Rather, the Complaint lists the numerous wrongs allegedly committed against Rankins in an attached "Claim Sheet," but fails to attribute the conduct alleged to any specific person. Thus, insofar as the Complaint simply sets forth the various ways in which Rankins has been wronged without identifying the individuals responsible, Rankins fails to state a claim under Section 1983. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants"). Moreover, Rankins fails to state a claim against Jail Staff generally because his allegations fail to identify the individuals involved or specify the conduct attributable to those individuals that violated his constitutional rights. *See*, *e.g.*, *Conley v. Nielsen*, No. 15-35732, 2017 WL 365559, at *2 (9th Cir. Aug. 24, 2017) (affirming dismissal of claim against "all medical staff" because the plaintiff failed to identify any of the individuals involved and the specific conduct attributable to them).

Even where the Complaint attempts to connect certain conduct alleged to individual defendants, Rankins nevertheless fails to provide sufficient detail to support a plausible inference that each defendant violated his constitutional rights. For example, Rankins alleges "Denardo violated my . . . [rights] when I was sent to isolation without any formal hearing of wrongdoing," but provides no additional details clarifying the circumstances of the alleged deprivation, when it occurred, or Denardo's role in that deprivation. Compl., Attach. 1. Moreover, Rankins simply concludes that Myers and Larson "co-conspired . . . [and] act[ed] under same . . . law" as Denardo. *Id.* Such "unadorned, the-defendant-unlawfully-harmed-me-

PAGE 4 – ORDER OF DISMISSAL

accusation[s], without more, are insufficient to provide Defendants with adequate notice of the claims against them, and must be dismissed. See *Iqbal*, 556 U.S. at 678 (noting that a pleading that simply "offers labels and conclusions . . . . will not do"); *Sangana v. Tenorio*, 384 F.3d 731, 736 (9th Cir. 2004) (explaining that a plaintiff must provide enough factual detail to "give 'fair notice' of the claim and its basis").

## CONCLUSION

Based on the foregoing, this Court DISMISSES Rankins's Complaint (ECF No. 2) for failure to state a claim. Rankins may file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. Failure to file an amended complaint will result in the dismissal of this proceeding, with prejudice.

This Court DENIES Rankins's Motion for Appointment of Counsel (ECF No. 3) because he has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case and, at this stage of the proceeding, has failed to demonstrate a likelihood of success on the merits. See *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Rankins may renew his request for counsel at a later stage of the proceeding.

**IT IS SO ORDERED.**

DATED this __13th__ day of October, 2020.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge